**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christopher R. BATES, Defendant—**
**Appellant.**

No. 05–10209.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 15, 2006.

Paul L. Seave, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant—Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HALL, SILVERMAN, and GRABER, Circuit Judges.

### MEMORANDUM**

Defendant Christopher Bates challenges his conviction and 57–month sentence for conspiracy to defraud the government by impeding the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 371, conspiracy to engage in mail and wire fraud in violation of 18 U.S.C. § 371, and conspiracy to engage in money laundering in violation of 18 U.S.C. §§ 371 and 1956(h). We affirm.

 1. Defendant first argues that the district court erred by refusing to grant his motion for acquittal because there was insufficient evidence presented at trial to tie him to the conspiracies. On de novo review, *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir.2004), we conclude that a rational trier of fact could have found beyond a reasonable doubt that Defendant was guilty of the conspiracy charges.

The government presented evidence that Defendant acted as a signatory, trustee, and agent for some of the Unincorporated Business Organizations ("UBOs") created by Defendant and his codefendants. He signed documents on behalf of a business entity run by Defendant and his codefendants to create and manage some of the UBOs, he wired money through various banks, which was eventually deposited in the clients' UBOs, and he met with at least one client. From the totality of the evidence, a jury could reasonably infer that Defendant and his codefendants agreed to steal their clients' money and to defraud the government by advising clients not to pay taxes. *See United States v. Ortega*, 203 F.3d 675, 683 (9th Cir.2000) (holding that a conspiracy may be proved by circumstantial evidence).

2. Defendant also raises several arguments that were made by his codefendants and already rejected by this court in *United States v. Smith*, 424 F.3d 992 (9th Cir. 2005), *petitions for cert. filed*, —— U.S.L.W. —— (U.S. Jan. 5, 2006) (No. 05–8577), and (U.S. Jan. 23, 2006) (No. 05–8853). Pursuant to *Smith*, we affirm the district court's rulings (1) denying Defendant's motions for a new trial and evidentiary hearing based on alleged juror misconduct and (2) refusing to give a multiple-conspiracy instruction to the jury.

 3. Finally, Defendant argues that the district court erred by refusing to group the tax-related conspiracy count with the other conspiracy counts for sentencing purposes. On de novo review, *United States v. Melchor–Zaragoza*, 351 F.3d 925, 927 (9th Cir.2003), we conclude that the district court did not err. The tax-related conspiracy count did not involve the same harm as the other two counts because the victim in the tax count was the federal government, while the victims in the other two counts were the private investors whose money Defendant stole. *Cf.* U.S.S.G. § 3D1.2 (1997). The district court correctly considered the sentencing guidelines in determining Defendant's sentence. *See United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005) ("Even though the Guidelines are no longer mandatory after the Supreme Court's decision earlier this year in *United States v. Booker*, [543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621] (2005), the district court should still consult them for advice as to the appropriate sentence.").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.